# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO GARZA, ) | 1:08-cv-01293-TAG HC |
| ) | |
| Petitioner, ) | ORDER DISMISSING PETITION |
| ) | FOR WRIT OF HABEAS CORPUS |
| v. ) | PURSUANT AS SUCCESSIVE |
| ) | PURSUANT TO 28 U.S.C. § 2244(b) |
| ) | |
| RICHARD J. DONAVAN, ) | ORDER DIRECTING CLERK OF COURT |
| ) | TO ENTER JUDGMENT AND CLOSE FILE |
| Respondent. ) | |
| _____ ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on July 28, 2008, in the United States District Court for the Northern District of California. (Doc. 1). On August 25, 2008, the case was ordered transferred to this Court and on September 2, 2008, the petition and related pleadings were filed in this Court. (Docs. 5 & 6). Petitioner challenges his 2002 conviction in Fresno County Superior Court that resulted in a thirteen year prison sentence. (Doc. 1, p. 1).

Review of this Court's own docket and files of prior habeas corpus cases shows that Petitioner has filed four previous petitions in this Court. On September 9, 2006, Petitioner filed a petition for writ of habeas corpus in this Court that was given the case number "1:06-cv-01256-LJO-TAG." On February 9, 2007, Petitioner filed another petition for writ of habeas corpus in this Court that was assigned case number "1:07-cv-00252-AWI-TAG." On May 24, 2007, Petitioner filed a third petition for writ of habeas corpus in this Court that was assigned the case number "1:07-cv-

00763-LJO-TAG." On July 19, 2007, Petitioner filed a fourth petition for writ of habeas corpus in this Court that was assigned the case number "1:07-cv-01067-LJO-TAG."

On January 8, 2008, the Court issued Findings and Recommendations to dismiss the latter three cases as duplicative of case number 1:06-cv-01256-LJO-TAG. Those latter three cases were subsequently dismissed as duplicative and judgment entered against Petitioner on March 7, 2008, March 3, 2008, and February 29, 2008, respectively. The Court then proceeded on the original petition in case number 1:06-cv-01256-LJO-TAG (the "original petition").

In the original petition, Petitioner challenged a Fresno County Superior Court conviction for California Penal Code 245(a). Although the allegations in the petition were sparse, the Court construed Petitioner to allege that he had been given a suspended thirteen year prison sentence, with five years of probation and assignment to some type of one-year program. Petitioner alleged that, at the "program," he had been involved in an altercation and apparently was removed from the program, had his probation revoked, and had the original thirteen-year suspended sentence imposed. Petitioner alleges that he had a right to defend himself and, presumably, that therefore his dismissal from the program and the imposition of the suspended sentence was unfair. Petitioner did not indicate that he had ever presented those issues to the California appellate courts for purposes of exhaustion.

On April 1, 2008, the Court issued Findings and Recommendations to dismiss the original petition for lack of exhaustion. Petitioner filed objections which, although seeking the Court's guidance on how to proceed, did not dispute the fact that the claims were unexhausted. On April 29, 2008, the District Judge adopted the Magistrate Judge's Findings and Recommendations, dismissed the original petition, and entered judgment against Petitioner.

Petitioner now brings this new, and fifth, petition, again contending that he was given a one-year "program" with five years of probation and a suspended thirteen year sentence. (Doc. 1, p. 5). He alleges he was engaged in a fistfight and was arrested, taken to trial, and that the original suspended sentence was re-imposed. (Id.). In the instant petition, Petitioner clarifies that the "program" in question was for "anger management." (Id.). Thus, despite the lack of overall specific information, it seems clear that the instant petition is seeking to challenge the same factual and legal

circumstances as did his previous four petitions, including his original petition.  In this instance, however, the Court must now dismiss the instant petition as successive.

## **DISCUSSION**

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1).  The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  In other words, Petitioner must obtain leave from the United States Court of Appeals for the Ninth Circuit before he can file a second or successive petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657, 116 S. Ct. 2333 (1996).  This Court must dismiss any second or successive petition unless the Ninth Circuit has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition.  Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Because the instant petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to the petition.  Pub. Law 104-132, Title I, 110 Stat. 1214; Lindh v. Murphy, 521 U.S. 320, 327, 117 S. Ct. 2059 (1997).  The gatekeeping requirements of 28 U.S.C. § 2244(b) are included in the AEDPA.  Petitioner has failed to show that he obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction, thus he has failed to comply with § 2244(b).  Accordingly, this Court has no jurisdiction to consider

Petitioner's renewed application for relief from his 2002 conviction under Section 2254 and must dismiss the instant petition. See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244 (b)(3).[1]

Petitioner is advised that he has now filed five petitions in this Court regarding the same legal issues. All five petitions have been dismissed–three as duplicative, one as unexhausted, and now one as successive. The Court emphasizes that if Petitioner wishes to bring yet another petition before this Court challenging his 2002 conviction, he must first obtain permission of the Ninth Circuit before proceeding.

**ORDER**

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED as successive;
2. The Clerk of the Court is DIRECTED to enter judgment and close the file.

IT IS SO ORDERED.

Dated:   **October 29, 2008**              /s/ Theresa A. Goldner
                                  UNITED STATES MAGISTRATE JUDGE

---

[1] The Court also notes that the petition is not signed under penalty of perjury. Local Rule 7-131 requires a document submitted to the Court for filing to include a signature. In addition, Rule 2 of the Rules Governing Section 2254 Cases requires a petition for writ of habeas corpus to "be signed under penalty of perjury by the petitioner or by a person authorized to sign for the petitioner under 28 U.S.C. § 2242." Accordingly, the Court would have to dismiss this petition even were it not successive.