IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAMIRO GARZA, | ) | 1:08-cv-01293-TAG-HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING |
| v. | ) | CERTIFICATE OF |
| | ) | APPEALABILITY |
| RICHARD J. DONAVAN, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

      On October 30, 2008, the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, was dismissed and judgment was entered.[1]  (Court Docs. 10, 11).

      The instant petition was dismissed as successive because it challenged the same conviction as four prior petitions filed by Petitioner, yet Petitioner had failed to obtain permission of the United States Court of Appeals for the Ninth Circuit before filing the instant petition. (Court Doc. 10).   On November 20, 2008, Petitioner filed a document which the Court has construed as a notice of appeal.  (Court Doc. 12).

      Although no express request was made for a certificate of appealability, the notice of appeal automatically constitutes a request for a certificate.  See Fed. R. App. P. 22(b); <u>United States v. Asrar</u>, 108 F.3d 217, 218 (9th Cir. 1997), <u>opinion amended and superseded</u>, 116 F. 3d

---

[1] Petitioner consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). (Court Doc. 8).

1268 (9th Cir. 1997) The requirement that a petitioner seek a certificate of appealability is a gate-keeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues, while at the same time affording petitioners an opportunity to persuade the Court that, through full briefing and argument, the potential merit of claims may appear. Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000).  However, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-336, 123 S. Ct. 1029 (2003).

The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Accordingly, final orders issued by a federal district court in habeas corpus proceedings are reviewable by the circuit court of appeals, and, in order to have final orders reviewed, a petitioner must obtain a certificate of appealability.  28 U.S.C. § 2253.  This Court may issue a certificate of appealability if  Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make a substantial showing, Petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to

1  deserve encouragement to proceed further.'"  Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct.
2  1595 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383 (1983)).
3     In the present case, the Court finds that Petitioner has not made the required substantial
4  showing of the denial of a constitutional right to justify the issuance of a certificate of
5  appealability.   Reasonable jurists would not find it debatable that Petitioner has not shown an
6  entitlement to federal habeas corpus relief.  Accordingly, the Court hereby DENIES Petitioner's
7  request for a certificate of appealability.

9  IT IS SO ORDERED.
10  Dated:   **December 30, 2008**            /s/ Theresa A. Goldner
                                              UNITED STATES MAGISTRATE JUDGE