UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAMIRO GARZA, | ) | 1:08-cv-01293-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS FOR LACK OF |
| v. | ) | EXHAUSTION |
| | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| RICHARD J. DONAVAN, | ) | TO ENTER JUDGMENT AND CLOSE FILE |
| | ) | |
| Respondent. | ) | ORDER DECLINING TO ISSUE |
| | ) | CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on July 28, 2008, in the United States District Court for the Northern District of California. (Doc. 1). On August 25, 2008, the case was transferred to this Court. (Docs. 5 & 6). Petitioner challenges his 2002 conviction in Fresno County Superior Court that resulted in a thirteen year prison sentence. (Doc. 1, p. 1).

A review of this Court's own docket and files of prior habeas corpus cases shows that Petitioner has filed four previous petitions in this Court. On September 9, 2006, Petitioner filed a petition for writ of habeas corpus in this Court that was given the case number "1:06-cv-01256-LJO-TAG." On February 9, 2007, Petitioner filed another petition for writ of habeas corpus in this Court

that was assigned case number "1:07-cv-00252-AWI-TAG." On May 24, 2007, Petitioner filed a third petition for writ of habeas corpus in this Court that was assigned the case number "1:07-cv-00763-LJO-TAG." On July 19, 2007, Petitioner filed a fourth petition for writ of habeas corpus in this Court that was assigned the case number "1:07-cv-01067-LJO-TAG."

On January 8, 2008, the Court issued Findings and Recommendations to dismiss the latter three cases as duplicative of case number 1:06-cv-01256-LJO-TAG. Those latter three cases were subsequently dismissed as duplicative and judgment entered against Petitioner on March 7, 2008, March 3, 2008, and February 29, 2008, respectively. The Court then proceeded on the original petition in case number 1:06-cv-01256-LJO-TAG. In that petition, Petitioner challenged a Fresno County Superior Court conviction for California Penal Code 245(a). Although the allegations in the petition were sparse, the Court construed Petitioner to allege that he had been given a suspended thirteen year prison sentence, with five years of probation and assignment to some type of one-year program. Petitioner alleged that, at the "program," he had been involved in an altercation and apparently was removed from the program, had his probation revoked, and had the original thirteen-year suspended sentence imposed. Petitioner alleges that he had a right to defend himself and, presumably, that therefore his dismissal from the program and the imposition of the suspended sentence was unfair. Petitioner did not indicate that he had ever presented those issues to the California appellate courts for purposes of exhaustion.

On April 1, 2008, the Court issued Findings and Recommendations to dismiss that petition for lack of exhaustion. Petitioner filed objections which, although seeking the Court's guidance on how to proceed, did not dispute the fact that the claims were unexhausted. On April 29, 2008, the District Judge adopted the Magistrate Judge's Findings and Recommendations, dismissed the petition, and entered judgment against Petitioner.

Petitioner now brings this new, and fifth, petition, again contending that he was given a one-year "program" with five years of probation and a suspended thirteen year sentence. (Doc. 1, p. 5). He alleges he was engaged in a fistfight and was arrested, taken to trial, and that the original suspended sentence was re-imposed. (Id.). In the instant petition, Petitioner clarifies that the "program" in question was for "anger management." (Id.). Thus, despite the lack of overall specific

information, it seems clear that the instant petition is seeking to challenge the same factual and legal circumstances as did his previous four petitions.

On October 30, 2008, the Court concluded that the instant petition was a second or successive petition within the meaning of 28 U.S.C. 2244, and dismissed the petition and entered judgment. (Docs. 10, 11). Petitioner appealed to the Ninth Circuit, which reversed and remanded the case on the grounds that a petition cannot be dismissed as second or successive when the prior petition was dismissed on exhaustion grounds. (Doc. 18). The case has been remanded to this Court for further proceedings. (Id.).

After reviewing the petition, the Court concludes that the claims are unexhausted and therefore the petition must be dismissed.

**DISCUSSION**

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888.

The Court must dismiss a petition that contains unexhausted claims, even if it also contains exhausted claims. Rose, 455 U.S. at 521-22, 102 S.Ct. at 1205; Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997) (en banc) *cert. denied*, 118 S.Ct. 265 (1997).

Here, Petitioner sets forth his entire habeas claim as follows:

> "Had 1 year program. (5) Five year probation (13) Thirteen year sentence while at program had to defend myself in a fist fight was arrested was taken to trial and sentenced to (13) thirteen years. Was a self-defense fight. We were both patience [sic] at a anger management program."

(Doc. 1, p. 4).

In the space provided on the habeas form for information about exhausting remedies in state court, Petitioner indicates he filed an appeal in the California Court of Appeal, Fifth Appellate District ("5th DCA") on an unspecified date and that the appeal was "denied with undue prejudice." (Doc. 1, p. 2). Petitioner also indicates he has filed several habeas petitions in this Court. However, at no point does Petitioner indicate he has filed any type of proceeding in the California Supreme Court. The Court's own review of the California courts' electronic website does not indicate any filings for Petitioner in the state high court.

Accordingly, it appears that Petitioner has never exhausted his claim in the California Supreme Court. In the previous petition in case no. 1:06-cv-01256-LJO-TAG, Petitioner failed to exhaust his claims. The Court finds that Petitioner has failed to do so in the present case as well. Because Petitioner has not presented his claim for federal relief to the California Supreme Court, the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). The Court cannot consider a petition that is entirely unexhausted. Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Calderon, 107 F.3d at 760.

Finally, the Court declines to issue a certificate of appealability. The requirement that a petitioner seek a certificate of appealability is a gate-keeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues, while at the same time affording petitioners an opportunity to persuade the Court that, through full briefing and argument, the potential merit of claims may appear. Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000).

However, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>     (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Accordingly, final orders issued by a federal district court in habeas corpus proceedings are reviewable by the circuit court of appeals, and, in order to have final orders reviewed, a petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253. This Court will issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find it debatable that Petitioner has not shown an entitlement to federal habeas corpus relief. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED as being entirely unexhausted;
2. The Clerk of the Court is DIRECTED to enter judgment and close the file; and,
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **March 10, 2010**              /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE